IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
BAY CITY OFFICE

| | |
|---|---|
| JENNIFER LODGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CRED X DEBT RECOVERY, LLC., | ) |
| d/b/a CDR, | )   JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JENNIFER LODGE, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, CRED X DEBT RECOVERY, LLC., d/b/a CDR, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. JENNIFER LODGE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Frankenmuth, County of Saginaw, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Vince Enterprises (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Vince Enterprises was for a payday loan, which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CRED X DEBT RECOVERY, LLC., d/b/a CDR, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is registered as a limited liability company in the State of New York.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

14. On or about February 8, 2013, Plaintiff received a telephone call at her place of employment from Mr. Schwartz, a duly authorized representative of Defendant.

15. During the course of the aforementioned telephone call between Plaintiff and Defendant, Defendant stated he was an attorney and threatened to "file check fraud charges" against Plaintiff that day if she did not pay the Debt.

16. Defendant's representation that it would file criminal charges against Plaintiff had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the Debt.

17. Plaintiff has not engaged in criminal conduct with respect to the Debt.

18. Defendant does not posses the authority to file criminal charges against Plaintiff.

19. Defendant's representation that it would file criminal charges against Plaintiff was false, deceptive and/or misleading given that Plaintiff has not engaged in the aforesaid conduct relative to the Debt.

20. Defendant's representation that it would file criminal charges against Plaintiff relative to the Debt misrepresented the character, status and/or legal nature of the Debt.

21. Defendant's representation that it would file criminal charges against Plaintiff was a statement made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

22. During the course of the aforementioned telephone call, Defendant also stated that if Plaintiff did not pay the Debt, Defendant would garnish her wages.

23. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the Debt.

24. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the Debt.

25. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

26. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that her employer does not permit her to accept calls of such nature while she is at work.

27. During the course of the aforementioned telephone call between Plaintiff and Defendant's representative, Plaintiff provided Defendant with her cellular telephone number and informed Defendant she will call him after work.

28. Plaintiff further instructed Defendant's representative to call her cellular telephone and not her work number, as her work forbids calls of such nature.

29. On or about February 8, 2013, despite Plaintiff's request not to call her at work, two (2) hours after their initial telephone conversation, Defendant again initiated a telephone call to Plaintiff's place of employment.

30. During the course of the aforementioned telephone call between Plaintiff and Defendant, Defendant threatened to go to the police department and reiterated that "he would file check fraud charges" against Plaintiff if she did not pay the debt right away.

31. In response, Plaintiff asked Defendant to mail her proof of the debt.

32. Defendant told Plaintiff he would e-mail her proof of the debt, but refused to mail it to her.

33. On or about February 11, 2013, despite being expressly instructed not to contact Plaintiff at her place of employment, Defendant initiated another telephone call to Plaintiff's place of employment.

34. On or about February 11, 2013, at approximately 8:30 p.m., Plaintiff received a telephone call to her cellular telephone number from Mr. Erics, a duly authorized representative of Defendant.

35. During the course of the aforementioned telephone call between Plaintiff and Defendant, Defendant failed to advise Plaintiff that he was a debt collector, that he was attempting to collect a debt and that any information obtained would be used for that purpose.

36. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff once again asked Defendant for validation of the Debt.

37. In response, Defendant's representative told Plaintiff it could not provide her with validation of the Debt until she arranged a payment plan with Defendant.

38. Defendant's representative further informed Plaintiff that she had until February 14, 2013, to arrange a payment plan with Defendant or Defendant would be "forced to sue her for fraud."

39. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

40. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

41. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

42. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

43. During the course of the aforementioned telephone conversation between Plaintiff and Defendant, Plaintiff then inquired whether Defendant was a licensed collection agency in the state of Michigan; Defendant replied that Defendant was an arbitration firm with power of attorney, licensed in all fifty (50) states.

44. At all relevant times, Plaintiff was residing in the State of Michigan.

45. At all relevant times, Defendant was attempting to collect a Debt from Plaintiff while she was residing in the State of Michigan.

46. At all relevant times there was in full force and effect a statute in the State of Michigan requiring that all debt collectors collecting debts in the State of Michigan be licensed by the Michigan Department of Licensing and Regulatory Affairs.

47. At all relevant times, Defendant was not licensed by the Michigan Department of Licensing and Regulatory Affairs.

48. Defendant's attempts to collect the Debt from Plaintiff in the State of Michigan were unfair and/or unconscionable given that at the time Defendant attempted to collect the Debt from Plaintiff, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff, as required by Michigan state law.

49. Defendant's representations to Plaintiff that she had to pay the Debt to Defendant, as delineated above, were false, deceptive and/or misleading given that at the time Defendant represented to Plaintiff that she had to pay the Debt to Defendant, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff.

50. On or about February 20, 2012, Defendant initiated another telephone call to Plaintiff in an attempt to collect the Debt.

51. During the aforementioned telephone conversation between Plaintiff and Defendant, Plaintiff informed Defendant she had retained an attorney to represent her with respect to the Debt and provided Defendant with Plaintiff's counsel's contact information.

52. During the aforementioned telephone conversation between Plaintiff and Defendant, Defendant responded by accusing Plaintiff of lying and refused to make note of Plaintiff's attorney's contact details.

53. Defendant's statement as delineated above is neither a statement made in an effort to seek payment from Plaintiff nor a statement made to further the collection efforts of Defendant.

54. The natural consequence of Defendant's statement was to unjustly condemn and vilify Plaintiff for her non-payment of the Debt.

55. The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

56. The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

57. On or about March 13, 2013, initiated another telephone call to Plaintiff in an attempt to collect the debt, despite being cognizant of the fact that Plaintiff was represented by an attorney in relation to the debt and of the attorney's contact details.

58. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

59. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

60. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

61. In its attempts to collect the debt allegedly owed by Plaintiff to Vince Enterprises, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

   b. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

   c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   d. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   f. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

   g. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of

       any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

  h. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

  i. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

  j. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  k. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

  l. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

  m. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

  n. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

62. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

63. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNIFER LODGE, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

      c.      Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

> Respectfully submitted,
> **JENNIFER LODGE**
>
> By:   s/ David M. Marco
>       Attorney for Plaintiff

Dated: April 19, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithmarco.com