## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

JENNIFER LODGE,

     *Plaintiff*,             CASE NO. 13-CV-11785

*v.*                       DISTRICT JUDGE THOMAS LUDINGTON
                         MAGISTRATE JUDGE CHARLES BINDER

CRED X DEBT RECOVERY, LLC,
d/b/a CDR,

     *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
### (Doc. 9)

**I.**     **RECOMMENDATION**

     **IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED**.

**II.**     **REPORT**

     **A.**     **Background**

     By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned magistrate judge for general pretrial case management on April 23, 2013. (Doc. 5.) The complaint avers violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

     Defendant was served with a summons and copy of the complaint on May 6, 2013, and its answer was due on May 28, 2013. (Doc. 6.) On May 31, 2013, Plaintiff requested a clerk's entry of default. (Doc. 7.) The request was granted and a clerk's entry of default was filed against Defendant on June 3, 2013. (Doc. 8.)

On September 23, 2013, Plaintiff filed the instant motion for default judgment with exhibits containing Plaintiff's affidavit, a detailed log of attorney and paralegal work performed in this case, a summary of attorneys fees, a copy of the Laffey Matrix which sets attorney and paralegal hourly work rates pursuant to *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), an affidavit of Larry P. Smith, one of Plaintiff's counsel, and sample copies of orders granting default judgments. (Doc. 9.) To date, no response or other communication has been received from Defendant.

### B.     Default Judgment Standards

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a two-step procedure is required to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. Civ. P. 55(a). Once this step has been completed, a plaintiff may proceed to request entry of a default judgment. Fed. Civ. P. 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs . . . ." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

There are some limitations on the entry of default judgments with certain classes of defendants. "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2). Furthermore, a "default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

### C.    Analysis and Conclusion

Plaintiff has accomplished the first step by properly seeking and receiving a Clerk's Entry of Default and serving the same on Defendant. (Doc. 8.) Despite many opportunities to plead or otherwise defend the instant action, Defendant has failed to do so. There is no evidence that Defendant is an incompetent, minor, member of the armed services, or officer of the United States. Plaintiff requests a default judgment in the total amount of $7,234.00, which is comprised of $3,000 in actual damages for Plaintiff's mental anguish and embarrassment, $1,000 in statutory damages and $3,234.00 in attorneys' fees and costs. (Doc. 15 at 2.)

Plaintiff has submitted an affidavit attesting to the allegations in the complaint and his actual damages suffered, i.e., mental anguish, emotional distress, personal humiliation and embarrassment. (Doc. 9 at Ex. A.) I suggest that the amount requested for emotional distress damages, $3,000, is appropriate. *See Harding v. Check Processing, LLC*, No. 5:10CV2359, 2012 WL 1097642, at *2-3 (N.D. Ohio Mar. 22, 2011) (holding that where the record is limited as to support for non-economic damages, $5,000 sufficiently compensates a plaintiff for emotional distress suffered as a result of improper debt collection under the FDCPA) (citing *Perkins v. American Assoc., LLC*, No. CV-10-8021-PCT-PGR, 2010 WL 4922916 (D. Ariz. Nov. 29, 2010)).

In addition, I suggest that Plaintiff's request for attorney fees and costs is well documented, supported, and entirely reasonable. I therefore suggest that the motion for default judgment be granted for the full amount requested, i.e., $4,000 plus attorney fees and costs in the amount of $3,234.00 for a total of $7,234.00.

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

s/ *Charles E. Binder*

CHARLES E. BINDER
United States Magistrate Judge

Dated: October 15, 2013

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and on the following non-ECF participants via the United States Postal Service: Cred X Recovery, LLC d/b/a CDR at P.O. Box 1275, Orchard Park, NY 14228, and at 4252 Ridge Lead Ste 106, Amherst, NY 14226.

Date: October 15, 2013

By    s/Patricia T. Morris
Law Clerk to Magistrate Judge Binder

4